UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DERRICK BRYANT,<br>     Petitioner, | Case No. 1:13-cv-803 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| WARDEN, CHILLICOTHE<br>CORRECTIONAL INSTITUTION,<br>     Respondent. | **REPORT AND**<br>**RECOMMENDATION** |

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on petitioner's motion for stay and abeyance (Doc. 3), which respondent opposes (*See* Doc.10, pp. 15–16).

Petitioner seeks habeas corpus relief on his kidnapping, felonious assault, and having weapons while under disability convictions. He alleges the following four grounds for relief in the petition:

1. Defendant is denied the opportunity to address the State's charges against him; (An Affirmative Defense is a proper legal remedy to be heard regarding one's innocence), When Trial Court asked Trial Counsel if he agreed to remove the Affirmative Defense, Trial Counsel stood moot.

2. Did not present all elements of an operable firearm to propel one or more projectiles by the action of an explosive or combustible propellant.

3. Mitigating Circumstances and law why the kidnapping Conviction should be reversed.

4. Prosecutorial Misconduct.

(Doc. 1). In his memorandum, petitioner also raises two claims pertaining to Ohio Rev. Code § 2941.25, Ohio's allied offense statute. (*See* Doc. 1, Memorandum pp. 9–13, 17–21). Petitioner

argues that his convictions for kidnapping and felonious assault should have been merged by the trial court and his appellate counsel was ineffective for failing to raise the claim on appeal. (*See id.*).

On the same day that petitioner filed his habeas petition, he also filed a motion for a stay and abeyance. (Doc. 3). Petitioner moves for a stay on the ground that he has pending appeals in the state courts. A review of the Butler County Clerk of Courts and Ohio Supreme Court online records, reveals that petitioner currently has two actions pending in the Ohio courts relating to his claims under Ohio's allied offense statute—a motion for reconsideration in the Ohio Court of Appeals and an appeal to the Ohio Supreme Court, both stemming from the Ohio trial court's denial of his second motion to vacate and set aside the judgment of conviction. (*See* Doc. 10, Ex. 37).

On May 24, 2013, petitioner filed his second motion to vacate and set aside the judgment of conviction. (Doc. 10, Ex. 37). In the motion, petitioner argued his conviction and sentence are void because they violate Ohio Rev. Code § 2941.25. On May 31, 2013, the trial court denied petitioner's motion as untimely.[1] (Doc. 10, Ex. 39). Petitioner filed a timely notice of appeal and appellate brief to the Ohio Court of Appeals. (Doc. 10, Ex. 40, 41). On June 30, 2014, the Ohio Court of Appeals affirmed the judgment of the trial court, finding that his second post-conviction petition was "untimely and otherwise barred by res judicata."[2] On July 11, 2014, petitioner filed an application for reconsideration of the appellate court's decision, which remains

---

[1] As noted by the trial court (*See* Doc. 10, Ex. 39, p. 2), pursuant to Ohio Rev. Code § 2953.21(A)(2), petitioner's post-conviction petition must be filed within 180 days after the date on which the trial transcript was filed in the Court of Appeals.

[2] The Ohio Court of Appeals' decision was found at the Butler County Clerk of Courts' webpage (http://pa.butlercountyclerk.org/pa/pa.urd/pamw6500-display), under Case No. CA2013-06-107.

pending before the Ohio Court of Appeals. On August 6, 2014, petitioner filed a pro se notice of appeal to the Ohio Supreme Court from the Court of Appeals denial of his second post-conviction motion. This motion also remains pending before the Ohio Supreme Court.[3] Petitioner appears to request that this habeas corpus action be stayed until the Ohio courts have had an opportunity to rule on the pending motions.

An application for a writ of habeas corpus by a state prisoner shall not be granted unless the petitioner has exhausted his state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect petitioner's rights. 28 U.S.C. § 2254(b)(1). A state defendant with federal constitutional claims is required to first fairly present those claims to the state courts for consideration because of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts. *See Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). Under the "fair presentation" requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," which, in Ohio, includes discretionary review in the Ohio Supreme Court. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985).

If the petitioner fails to fairly present his claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, his petition is subject to dismissal without prejudice for failure to exhaust state

---

3 Found at the Ohio Supreme Court webpage (http://www.supremecourt.ohio.gov/Clerk/ecms/), under Case No. 2014-1340.

remedies. *See* 28 U.S.C. § 2254(c). Although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust state remedies, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring exhaustion of state remedies. *See Granberry v. Greer,* 481 U.S. 129, 131 (1987). A "mixed" petition containing both unexhausted claims and claims that have been fairly presented to the state courts is subject to dismissal without prejudice on exhaustion grounds. *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982).

Since the enactment in 1996 of the Antiterrorism and Effective Death Penalty Act (AEDPA), which "preserved *Lundy*'s total exhaustion requirement," but also imposed a one-year statute of limitations on the filing of federal habeas petitions, *Rhines v. Weber,* 544 U.S. 269, 275 (2005), some federal courts (including the Sixth Circuit) have adopted a "stay-and-abeyance" procedure to ensure habeas review is not precluded in the class of cases where a timely-filed federal habeas petition is dismissed on exhaustion grounds and petitioner subsequently returns to federal court to present his claims in a renewed petition after exhausting his state remedies only to find that his claims are barred from review by the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). *See, e.g., Griffin v. Rogers,* 308 F.3d 647, 652 & n.1 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 778–81 (6th Cir. 2002).

In *Rhines,* 544 U.S. at 276, the Supreme Court affirmed that district courts have the discretion to issue stays in habeas cases, but that such discretion is circumscribed to the extent it must "be compatible with AEDPA's purposes." The Court pointed out that one of the AEDPA's purposes is to "reduce delays in the execution of state and federal criminal sentences" based on the "well-recognized interest in the finality of state judgments." *Id.* (quoting *Woodford v. Garceau,* 538 U.S. 202, 206 (2003), and *Duncan v. Walker,* 533 U.S. 167, 179 (2001)). In addition, the

4

AEDPA's statute of limitations tolling provision was intended to "reinforce[] the importance of *Lundy*'s "simple and clear instruction to potential litigants: before you bring any claims in federal court, be sure that you first have taken each one to state court." *Id.* at 276–77 (quoting *Lundy*, 455 U.S. at 520).

> The Court went on to determine that:
>
> Stay and abeyance, if employed too frequently, has the potential to undermine these twin purposes. Staying a federal habeas petition frustrates AEDPA's objective of encouraging finality by allowing a petitioner to delay the resolution of the federal proceedings. It also undermines AEDPA's goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition. . . .
>
> For these reasons, stay and abeyance should be available only in limited circumstances.

*Id.* at 277.

The Court held that stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," and that, "even if a petitioner had good cause for that failure," it would be an abuse of discretion for the court to grant a stay where the unexhausted claims "are plainly meritless" or the "petitioner engages in abusive litigation tactics or intentional delay." *Id.* at 277–78. However, on the other hand, "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278.

In this case, the petition is not a "mixed" petition containing both exhausted and unexhausted claims, as petitioner has presented his claims to the Ohio courts. *See Duckworth v. Serrano*, 454 U.S. 1, 4 n.1 (1981) (noting that the exhaustion requirement was not intended to

5

require repetitious applications to state courts); *Keener v. Ridenour*, 594 F.2d 581, 584 (6th Cir. 1979) ("Section 2254 does not require repetitious applications to State courts for relief."); *Wilson v. Marshall*, 532 F.Supp 936, 937–38 (S.D. Ohio 1982) ("[I]n order for a state prisoner's remedies to be exhausted, it makes no difference whether the state courts ruled on the merits or denied relief on procedural grounds. . . . Habeas corpus petitioners are not required to file repetitious applications in the state courts in order to exhaust.").

Petitioner presented the claims in his pending state-court motions to the Ohio courts in his "motion to correct sentences in compliance with R.C. 2941.25(A)" (Doc. 10, Ex. 43), which was denied by the trial court on November 4, 2013. (Doc. 10, Ex. 44, 45). Petitioner appealed the decision to the Ohio Court of Appeals (Doc. 10, Ex. 46), which affirmed the judgment of the trial court upon finding the petition to be "untimely and otherwise barred by the doctrine of res judicata."[4] On April 18, 2014, petitioner filed a notice of appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision. The Ohio Supreme Court declined to accept jurisdiction of the appeal on June 11, 2014.[5]

Although petitioner arguably has a remedy still available to him via his pending motions, the motions are duplicative of his prior motions considered by the Ohio courts and it is highly likely that the Ohio courts will again find the motions to be untimely and barred on res judicata grounds. Under these circumstances, the undersigned finds that a stay is not appropriate and recommends that petitioner's motion (Doc. 3) be **DENIED.**

---

[4] The Ohio Court of Appeals' decision was found at the Butler County Clerk of Courts' webpage (http://pa.butlercountyclerk.org/pa/pa.urd/pamw6500-display), under Case No. CA2013-12-220.

[5] Found at http://www.supremecourt.ohio.gov/Clerk/ecms/ under Case No. 14-0572.

**IT IS THEREFORE RECOMMENDED THAT:**

Petitioner's motion for motion for stay and abeyance (Doc. 3) be **DENIED.**

Date: 8/15/14

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BRYANT,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-803

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Derrick Bryant #610-453
Chillicothe Corr. Inst.
PO Box 5500
Chillicothe, OH 45601

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☒ Agent ☐ Addressee

B. Received by (Printed Name) | C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail ☐ Express Mail
   ☐ Registered ☐ Return Receipt for Merchandise
   ☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
   (Transfer from service label)
   7011 3500 0001 5345 5987

PS Form 3811, February 2004  Domestic Return Receipt  102595-02-M-1540