UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BRYANT,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-803

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

Petitioner, an inmate in state custody at the Chillicothe Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is before the Court on respondent's motion to dismiss and petitioner's response in opposition. (Docs. 10, 13).

## I. FACTUAL BACKGROUND

The Ohio Court of Appeals, Twelfth Appellate District, provided the following summary of the facts that led to petitioner's convictions and sentence:[1]

> {¶2} On December 1, 2010, appellant, an operator at Superior Environmental Solutions, Inc., called Chester Yeager, the owner of the company, asking for a raise. Yeager refused. Appellant then became upset and their conversation ended shortly thereafter.
>
> {¶3} Approximately two hours later, appellant, who was not scheduled to work, entered Yeager's office while he was servicing a pressure washer with Ronald Crenshaw, appellant's direct supervisor. Appellant, who smelled of alcohol and exhibited bloodshot eyes, told Yeager he wanted to talk to him privately and ordered Crenshaw to leave. In response, Yeager told appellant that Crenshaw was not going to leave and that any issues he had could be discussed openly. According to Yeager's testimony, appellant became very angry and said "[y]ou will

---

[1] 28 U.S.C. § 2254(e)(1) provides that "[i]n a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct" unless petitioner rebuts the presumption by "clear and convincing evidence." Because petitioner has neither cited nor presented clear and convincing evidence to rebut the Ohio Court of Appeals' factual findings quoted herein, the state appellate court's factual findings are presumed to be correct. *See McAdoo v. Elo*, 365 F.3d 487, 493-94 (6th Cir. 2004).

talk to me, you will listen to me" before he exited from the office and left the building.

{¶4} Two to three minutes later, appellant returned to the office with a .30 caliber rifle. According to the evidence presented, appellant, blocking the only exit, then pointed the rifle at Yeager's head and said, "you are going to listen to me or I'm going to blow your f***ing brains out." Appellant then pointed the rifle at Crenshaw and said, "I don't really want to kill you, but if I have to, I will," before he "levered" the rifle causing a bullet to "kick" out of the chamber and fall to the floor. The standoff, which lasted approximately 20 minutes, ended after Crenshaw "bear hugged" appellant moving him out of the office, which ultimately resulted in appellant lowering his rifle and exiting the building.

{¶5} Appellant was later arrested and charged with, among other things, kidnapping in violation of R.C. 2905.01(A)(3) and felonious assault in violation of R.C. 2903.11(A)(2), both second-degree felonies that included firearm specifications.

(Doc. 10, Ex. 6, pp. 1–2).

## II. PROCEDURAL HISTORY

### State Trial Proceedings

On January 12, 2010, the Butler County, Ohio grand jury returned a three-count indictment charging petitioner with one count each of kidnapping, felonious assault, and having weapons while under disability. (Doc. 10, Ex. 1). The counts of kidnapping and felonious assault both included firearm specifications. Following a jury trial, petitioner was found guilty on all counts charged in the indictment. (Doc. 10, Ex. 2). Petitioner received a total aggregate prison sentence of ten years imprisonment in the Ohio Department of Corrections. (*Id.*). Petitioner received prison sentences of five years for his kidnapping conviction, three years for the firearm specification, and two years for the having weapons while under disability conviction. The trial court merged the felonious assault conviction with the kidnapping conviction for purposes of sentencing. (*Id.*).

## Direct Appeal

On June 17, 2011, petitioner, through new counsel, filed a timely notice of appeal to the Ohio Court of Appeals. (Doc. 10, Ex. 3). Petitioner raised the following three assignments of error in his appellate brief:

1. The State presented insufficient evidence to convict Appellant of kidnapping in violation of R.C. 2905.01(A)(3) and felonious assault in violation of R.C. 2903.11(A)(2).

2. Appellant's convictions were against the manifest weight of the evidence.

3. The trial court erred by including in the sentencing entry a provision that it objected to Appellant's admission into transitional control prison.

(Doc. 10, Ex. 4). On February 21, 2012, the Ohio appeals court overruled petitioner's assignments of error and affirmed the judgment of the trial court. (Doc. 10, Ex. 6). Petitioner subsequently filed a pro se motion for reconsideration, which was denied by the appellate court. (Doc. 10, Ex. 7, 8).

## Ohio Supreme Court

On April 25, 2012, petitioner, through counsel, filed a timely notice of appeal to the Ohio Supreme Court. (Doc. 10, Ex. 9). In his memorandum in support of jurisdiction, petitioner raised the following single proposition of law:

A trial court is prohibited from exercising its authority to disapprove of an intended transfer to transitional control before the adult parole authority provides notice of the court of that transfer. R.C. 2967.26(A)(2).

(Doc. 10, Ex. 10). Counsel for petitioner later filed an application for dismissal, indicating that petitioner "will be filing his own pro se notice of appeal, and a memorandum in support of jurisdiction." (Doc. 10, Ex. 12, p. 2). On May 7, 2012, the Ohio Supreme Court granted the application for dismissal and dismissed the case. (Doc. 10, Ex. 13).

## Motion for Reconsideration/Reopening of Appeal

On May 22, 2012, petitioner filed a pro se motion for reconsideration/reopening of his direct appeal in the Ohio Court of Appeals. (Doc. 10, Ex. 14). Therein, petitioner argued that his appellate counsel was ineffective for failing raise the following four assignments of error on direct appeal:

1. Trial court erred to the Prejudice of Appellant in overruling his motion for acquittal and in entering a guilty verdict contrary The Appellant's right to due process under the fifth and fourteenth Amendment[s] to the United States Constitution and Section 10, article of the Ohio Constitution.

2. Due Process is Violate[d] on Appeal when Counsel Ineffectiveness For failure to address Trial Counsel['s] Ineffectiveness [for] Failure to timely move to suppress evidence.

3. Appellant's federal and state constitutional rights to due process and a fair trial were violated by prosecutorial misconduct.

4. Attorney failed to present mitigating circumstances as to the offense of kidnapping was clearly Ineffective Assistance of Counsel in Violation of the Sixth Amendment.

(Doc. 10, Ex. 14). Petitioner subsequently moved to supplement his Rule 26(B) application on two occasions.[2] (Doc. 10, Ex. 15, 16). On August 14, 2012, the Ohio Court of Appeals found no genuine issue as to whether petitioner was deprived of the effective assistance of counsel on appeal and denied his application to reopen. (Doc. 10, Ex. 17).

Petitioner timely appealed the denial of his application to reopen to the Ohio Supreme Court. (Doc. 10, Ex. 18). In his memorandum and amended memorandum in support of jurisdiction, petitioner set forth the following four propositions of law:

---

[2] On the second occasion petitioner sought to add authority to his fourth assignment of error, arguing that his kidnapping conviction violated Ohio Rev. Code § 2941.25, Ohio's allied offenses of similar import statute. (Doc. 10, Ex. 16).

4

> I. Can appellate attorney violate the rights to due process and equal protection on appeal to investigate and argue "allied offenses?"
>
> II. Does an unloaded firearm satisfy the elements of operability to propel one or more projectiles by the action of an explosive or combustible propellant?
>
> III. Is it a Sixth Amendment rights violation on appeal when legal instruction to appellate counsel regarding trial counsel's ineffectiveness for failing to investigate and not for filing a pre-trial motion to suppress prejudicial evidence from going before a jury?
>
> IV. Is Appellant's federal and state constitutional rights to due process and to have a fair trial violated by prosecutorial misconduct?

(Doc. 10, Ex. 19, 20). On November 28, 2012, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (Doc. 10, Ex. 22).

### First Motion to Vacate and Set Aside the Judgment of Conviction

On December 3, 2012, petitioner filed a pro se motion and amended motion to vacate and set aside the judgment and conviction as void. (Doc. 10, Ex. 23, 24). Petitioner argued that his judgment was void because the trial court denied him the affirmative defense of abandonment and removed it from the jury instructions in violation of Ohio Rev. Code §§ 2901.05(D)(1)(B) and 2923.02(D). (*Id.*). On December 19, 2012, the trial court construed the motion as post-conviction petition and denied petitioner's claims as being barred by the doctrine of *res judicata*. (Doc. 10, Ex. 26).

Petitioner appealed the denial of his motion to the Ohio Court of Appeals. (Doc. 10, Ex. 27). Petitioner argued that the trial court improperly construed his motion as a petition for post-conviction relief. (Doc. 10, Ex. 28). On June 3, 2013, the Ohio appeals court affirmed the judgment of the trial court. (Doc. 10, Ex. 30). The court also denied petitioner's motion for reconsideration. (Doc. 10, Ex. 31, 32).

On September 3, 2013, petitioner filed a notice of appeal and memorandum in support of jurisdiction to the Ohio Supreme Court. (Doc. 10, Ex. 33, 34). Petitioner raised the following proposition of law:

> The trial court or the reviewing court is without subject-matter jurisdiction to refuse a claim of a void judgment by applying the doctrine of res judicata. In doing so the trial courts has denied the defendant due process of law. Criminal Rule 52: "The Plain Error Standard." Revised Code: 2901.05 (D)(1)(B) & 2923.02(D).

(Doc. 10, Ex. 34, p. 3). On November 20, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 10, Ex. 36).

### Second Motion to Vacate and Set Aside the Judgment of Conviction

On May 24, 2013, during the pendency of the appeal of the denial of his first motion to vacate, petitioner filed a second motion to vacate and set aside the judgment of conviction. (Doc. 10, Ex. 37). In the motion, petitioner argued his conviction and sentence are void because they violate Ohio Rev. Code § 2941.25. On May 31, 2013, the trial court denied petitioner's motion as untimely. (Doc. 10, Ex. 39).

Petitioner filed a timely notice of appeal and appellate brief to the Ohio Court of Appeals. (Doc. 10, Ex. 40, 41). On June 30, 2014, the Ohio Court of Appeals affirmed the judgment of the trial court, finding that his second post-conviction petition was "untimely and otherwise barred by res judicata."[3] On July 11, 2014, petitioner filed an application for reconsideration of the appellate court's decision, which was denied.

---

[3] The Ohio Court of Appeals' decision was found at the Butler County Clerk of Courts' webpage, under Case No. CA2013-06-107.

On August 6, 2014, petitioner filed a pro se notice of appeal to the Ohio Supreme Court from the Court of Appeals denial of his second post-conviction motion. The Ohio Supreme Court declined to accept jurisdiction of the appeal on December 9, 2014.[4]

### Motion to Correct Sentences

Meanwhile, on October 29, 2013, petitioner filed a pro se "motion to correct sentences in compliance with R.C. 2941.25(A)" (Doc. 10, Ex. 43), which was denied by the trial court. (Doc. 10, Ex. 44, 45). Petitioner filed a timely notice of appeal from the trial court's decision on December 2, 2013. (Doc. 10, Ex. 46). In his appellate brief, petitioner set forth the following two assignments of error:

1. Prohibited multiple convictions for the same conduct.

2. The trial court erred in not merging the sentence of kidnapping, in that any kidnapping was incidental to the underlying offense of the attempted felonious assault, and that there was no separate animus.

(Doc. 10, Ex. 47). On March 10, 2014, the Ohio Court of Appeals affirmed the judgment of the trial court, again finding petitioner's petition "untimely and otherwise barred by the doctrine of res judicata."[5]

On April 18, 2014, petitioner filed a notice of appeal to the Ohio Supreme Court from the Ohio Court of Appeals' decision. On June 11, 2014, the Ohio Supreme Court declined to accept jurisdiction of the appeal.[6]

---

[4] Found at the Ohio Supreme Court webpage under Case No. 2014-1340.

[5] The Ohio Court of Appeals' decision was found at the Butler County Clerk of Courts' webpage, under Case No. CA2013-06-107.

[6] Found at http://www.supremecourt.ohio.gov/Clerk/ecms/ under Case No. 14-0572.

7

## Federal Habeas Corpus

Petitioner filed the instant habeas petition pro se on November 4, 2013. (Doc. 1). Petitioner raises the following four grounds for relief in the petition:

1. Defendant is denied the opportunity to address the State's charges against him; (An Affirmative Defense is a proper legal remedy to be heard regarding one's innocence), When Trial Court asked Trial Counsel if he agreed to remove the Affirmative Defense, Trial Counsel stood moot.

2. Did not present all elements of an operable firearm to propel one or more projectiles by the action of an explosive or combustible propellant.

3. Mitigating Circumstances and law why the kidnapping Conviction should be reversed.

4. Prosecutorial Misconduct.

(Doc. 1). In his memorandum, petitioner also appears to raise a claim pertaining to Ohio Rev. Code § 2941.25, Ohio's allied offense statute. (*See* Doc. 1, Memorandum pp. 9–13, 17–21). Petitioner argues that his convictions for kidnapping and felonious assault should have been merged by the trial court and his appellate counsel was ineffective for failing to raise the claim on appeal. (*See id.*).

Respondent has filed a motion to dismiss the petition on the ground that that petitioner's grounds for relief are procedurally defaulted. (Doc. 10).

### III. RESPONDENT'S MOTION TO DISMISS SHOULD BE GRANTED

#### A. Ground One

In Ground One, petitioner contends that he was denied the opportunity to present the jury with an instruction on the affirmative defense of abandonment.[7] Petitioner first raised this claim

---

[7] Under Ohio Rev. Code § 2923.02(D), "[i]t is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."

8

in his motion to vacate and set aside the judgment and conviction as void in the Butler County Court of Common Pleas, which found the claim was barred under the doctrine of *res judicata*. (Doc. 10, Ex. 23, 24). Petitioner sought review of the decision in both the Ohio Court of Appeals and Ohio Supreme Court. (Doc. 10, Ex. 28, 34). The Ohio appeals court found that the trial court properly found the claim barred on *res judicata* grounds and the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 10, Ex. 30, 32, 34).

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state defendant with federal constitutional claims must fairly present those claims to the state courts for consideration before raising them in a federal habeas corpus action. *See* 28 U.S.C. § 2254(b)(1), (c); *see also Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275–76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99–100 (6th Cir. 1985). If the petitioner fails to fairly present his constitutional claims through the requisite levels of state appellate review to the state's highest court, or commits some other procedural default that prevents a merit-based review of the federal claims by the state's highest court, he may have waived the claims for purposes of federal habeas review. *See O'Sullivan,* 526 U.S. at 847–48; *Harris v. Reed,* 489 U.S. 255, 260–62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

It is well-settled under the procedural default doctrine that the federal habeas court may be

barred from considering an issue of federal law from a judgment of a state court if the judgment rests on a state-law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision. *See Harris,* 489 U.S. at 260–62. The Supreme Court has stated:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default, and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson,* 501 U.S. 722, 750 (1991). Such a default may occur if the state prisoner files an untimely appeal, *Coleman,* 501 U.S. at 750, if he fails to present an issue to a state appellate court at his only opportunity to do so, *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994), or if he fails to comply with a state procedural rule that required him to have done something to preserve the issue for appellate review. *United States v. Frady,* 456 U.S. 152, 167–69 (1982); *Simpson v. Sparkman,* 94 F.3d 199, 202 (6th Cir. 1996).

In the usual case, the adequate and independent state ground doctrine will not apply to bar consideration of a federal claim on habeas corpus review unless the last state court rendering a judgment in the case "clearly and expressly" states that its judgment rests on a state procedural bar. *Harris,* 489 U.S. at 263; *see also Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000). In those cases where the last state court to render a reasoned opinion explicitly relies on a procedural bar, the court will presume that a later unexplained order did not silently disregard the procedural default and consider the merits of the claim. *Ylst v. Nunnemaker,* 501 U.S. 797, 803–04 (1991). Moreover, in *Harris,* the Supreme Court explained that the rule requiring that the state court plainly state that its judgment rests on a state procedural default "applies only when a state court

10

has been presented with the federal claim" raised by the state prisoner as a ground for federal habeas relief. *Harris,* 489 U.S. at 263 n.9; *see also Teague v. Lane,* 489 U.S. 288, 299 (1989) (plurality opinion) ("The rule announced in *Harris* . . . assumes that a state court has had the opportunity to address a claim that is later raised in a federal habeas proceeding."). The Court stated: "Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9.

The rule precluding federal habeas corpus review of claims rejected by the state courts on state procedural grounds applies only in cases where the state rule relied on by the courts is deemed "adequate" or, in other words, involves a "firmly established and regularly followed state practice" at the time that it was applied. *Ford v. Georgia,* 498 U.S. 411, 423–24 (1991); *Richey v. Mitchell,* 395 F.3d 660, 679 (6th Cir.) (citing *White v. Schotten,* 201 F.3d 743, 751 (6th Cir. 2000)), *rev'd on other grounds,* 546 U.S. 74 (2005) (per curiam); *Warner v. United States,* 975 F.2d 1207, 1213 (6th Cir. 1992); *see also Rideau v. Russell,* 342 F. App'x 998, 1002 (6th Cir. 2009). To be considered regularly followed, a procedural rule need not be applied in every relevant case, but rather "[i]n the vast majority of cases." *Dugger v. Adams,* 489 U.S. 401, 410 n.6 (1989); *see also Byrd v. Collins,* 209 F.3d 486, 521 (6th Cir. 2000).

The Sixth Circuit employs a three-prong test, which was initially established in *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir. 1986), to determine if a claim is procedurally defaulted under the adequate and independent state ground doctrine:

> First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . . Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . . Third, the court must decide whether the state procedural

11

       forfeiture is an "adequate and independent" state ground on which the state can rely
       to foreclose review of a federal constitutional claim.

*Hoffner v. Bradshaw*, 622 F.3d 487, 495 (6th Cir. 2010) (quoting *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001) (in turn quoting *Maupin*)); *see also Johnson v. Bradshaw*, 493 F. App'x 666, 669 (6th Cir. 2012). Under *Maupin* and as discussed above, if the three prerequisites are met for finding a claim is procedurally defaulted under the adequate and independent state ground doctrine, federal habeas corpus review of the defaulted claim is precluded unless the petitioner can demonstrate cause for and prejudice from his procedural default or that failure to consider the defaulted claim will result in a "fundamental miscarriage of justice." *Hoffner*, 622 F.3d at 495 (citing *Maupin*, 785 F.2d at 138); *Johnson*, 493 F. App'x at 669. *See also Coleman*, 501 U.S. at 750; *Harris*, 489 U.S. at 262; *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107, 129 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

      In this case, petitioner procedurally defaulted his claim for relief when he failed to raise the claim on direct appeal. Ohio law provides that an issue not raised on direct appeal is barred by the doctrine of *res judicata*. *See State v. Perry*, 226 N.E.2d 104, 105–06 (Ohio 1967) (syllabus); *State v. Combs*, 652 N.E.2d 205, 209 (Ohio App. 1st Dist. 1994) (holding that *res judicata* stops post-conviction relief for claims that could have been raised on direct appeal). The Sixth Circuit Court of Appeals has consistently recognized that under Ohio law an issue that is not raised by a petitioner on direct appeal is subsequently barred from review based on the doctrine of *res judicata*. *See, e.g., Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998) (recognizing the procedural default of a claim in a habeas petition where appellant never raised the claim on direct appeal to the Ohio Court of Appeals and the Ohio Supreme Court); *Rust*, 17 F.3d at 160–61 (finding adequate and independent state procedural rule where new claims raised in his second

motion for leave to file a delayed direct appeal were barred by the Ohio Court of Appeals as *res judicata* because the petitioner had opportunity to raise constitutional claims during delayed direct appeal but failed to do so); *Leroy,* 151 F.2d at 100 (holding as adequate and independent state grounds the procedural default of claims raised for the first time in a petition for writ of habeas corpus on the basis of *res judicata* where petitioner failed to raise those claims in his direct appeal to the Ohio Court of Appeals and to the Ohio Supreme Court).

As cause for the procedural default, petitioner appears to contend that trial counsel was ineffective for failing to object to the trial court not including the jury instruction on abandonment at trial. (Doc. 13 at 15-17). Ineffective assistance of counsel may constitute cause for a procedural default, so long as the ineffective assistance of counsel claim has been presented to the state courts, and is not itself procedurally defaulted. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000) (citing *Murray,* 477 U.S. at 488–89). However, because petitioner never presented a claim of ineffective assistance of counsel relating to the jury instruction to the state courts, the claim cannot serve as cause for the default of the underlying claim. Petitioner also fails to demonstrate that failure to consider the defaulted claim will result in a fundamental miscarriage of justice. Therefore, the undersigned concludes that petitioner has defaulted and waived his claim and is not entitled to habeas relief with regard to Ground One of the petition.

### B. Grounds Two, Three, and Four

In Ground Two, petitioner claims that insufficient evidence was offered to prove beyond a reasonable doubt that he was in possession of an operable firearm at the time of the offense. (Doc. 1, p. 5; Doc. 13, pp. 17–19). In Ground Three, petitioner contends that mitigating circumstances showed that he did not have the intent to kidnap. (Doc. 1, p. 6; Doc. 13, pp. 19–23). In Ground

Four, he claims that evidence of his prior conviction admitted at trial was the result of prosecutorial misconduct. (Doc. 1, p. 7; Doc. 13, pp. 19–23).

As with petitioner's first ground for relief, petitioner procedural defaulted these claims by failing to raise them on direct appeal. However, petitioner did raise the claims in his application to reopen his appeal, arguing that his appellate counsel was ineffective for failing to raise the underlying errors on direct appeal. The ineffective assistance of appellate counsel may constitute cause for a procedural default if petitioner can show that counsel performed deficiently and that counsel's deficient performance prejudiced the defense. *Joseph v. Coyle*, 469 F.3d 441, 459 (6th Cir. 2006) (citing *Strickland v. Washington*, 456 U.S. 668, 687) (1984)). Accordingly, the Court now turns to the merits of petitioner's ineffective assistance of counsel claims.

In denying the application to reopen, the Ohio Court of Appeals found petitioner's ineffective assistance of appellate counsel claims to be without merit:

> Appellant claims he was denied the effective assistance of appellate counsel because appellate counsel failed to raise assignments of error related to 1) evidence supporting the operability of the firearm; . . . 3) prosecutorial misconduct in mentioning appellant's prior conviction in opening statements, cross-examination and closing statements; and 4) mitigating circumstances showing he did not have the intent to kidnap.
>
> An application of this nature shall be granted only if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal. *State v. Tenace*, 109 Ohio St.3d 451, 2006-Ohio-2987, ¶5. See, also, App.R. 26(B)(5). As used in this analysis, ineffective assistance of counsel is intended to comprise the two elements set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052. Appellant bears the burden of demonstrating a genuine issue as to whether he was denied the effective assistance of appellate counsel. *Tenace*, 2006-Ohio-2987 at ¶6, citing *State v. Spivey*, 84 Ohio St.3d 24, 25, 1998-Ohio-704, certiorari denied (1989), 526 U.S. 1091, 119 S.Ct. 1506; *State v. Myers*, 102 Ohio St.3d 318, 2004-Ohio-3075, ¶9.
>
> Counsel's failure to argue those issues appellant presents in his application does not raise a *genuine issue* as to whether counsel was ineffective. Appellate counsel was

14

> not ineffective for failing to argue issues related to the operability of the firearm since there was sufficient evidence, including circumstantial evidence and the representations of appellant, to support the determination that the firearm was operable. R.C. 2941.145(A)(2); *State v . Thompkins*, 78 Ohio St.3d, 380, 387, 1997-Ohio-52.
>
> Appellant has also failed to raise a genuine issue regarding the ineffectiveness of counsel with regard to the use of appellant's prior conviction. Appellant was charged with having weapons under a disability, which requires the state to prove a prior conviction, and therefore, evidence of his prior conviction was admissible as an element of the offense. *State v. Henderson* (1979), 58 Ohio St.2d 171, 173; *State v. Myers*, 9th Dist. No. 25737, 2012-Ohio-1820.
>
> Finally, appellant has failed to establish a genuine issue as to the ineffectiveness of appellate counsel in failing to argue issues involving appellant's intent to commit kidnapping, since the intent to kidnap was considered on direct appeal when counsel argued appellant's kidnapping conviction was against the manifest weight of the evidence, and in particular, that the state failed to prove that appellant "restrained the liberty of [the victims] with the purpose to terrorize." See *Bryant*, 2012-Ohio-678 at ¶ 14-17.

(Doc. 10, Ex. 17, pp. 2–3).

The undersigned finds that the Ohio Court of Appeals reasonably determined that petitioner's ineffective assistance of counsel claims were without merit. First, the Ohio Court of Appeals correctly found that sufficient evidence was offered to prove beyond a reasonable doubt that petitioner possessed an operable firearm to sustain his conviction on the firearm specification. Under Ohio law, "proof of the operability of a firearm can be established by circumstantial evidence, which can consist of the brandishing of a firearm by the defendant and the implicit threat to shoot it." *State v. Thompkins*, 678 N.E.2d 541, 545 (Ohio 1997). In this case, testimony was offered that petitioner entered the victim's office with a rifle, pointed the rifle at the victim's head, and threatened to shoot him if he did not listen. Petitioner also pointed the gun at a second victim, stating that he did not want to kill him, but he would if he had to. (Doc. 10, Ex. 6, pp. 1–2). Based on this evidence the Ohio Court of Appeals reasonably found that appellate counsel was not

ineffective for failing to raise the meritless claim.[8] *Davie v. Mitchell,* 547 F.3d 297, 312 (6th Cir. 2008) ("if the underlying substantive claims have no merit, the applicant cannot demonstrate that counsel was ineffective for failing to raise those claims on appeal").

The Ohio Court of Appeals also reasonably found petitioner's remaining claims without merit. As noted by the appeals court, petitioner was charged with having weapons under disability, which required that the prosecution prove that petitioner had previously been convicted of a felony offense of violence. *See* Ohio Rev. Code § 2923.13(A)(2). Therefore, the evidence of petitioner's prior conviction was admissible as an element of the weapons under disability count and did not amount to prosecutorial misconduct, as petitioner argues.

Finally, petitioner was not prejudiced by appellate counsel's alleged failure to raise issues relating to petitioner's intent to kidnap because, as observed by the Ohio Court of Appeals, petitioner's intent was already considered on direct appeal. On direct appeal, petitioner argued that the evidence was insufficient to show that petitioner had the intent to terrorize the victims, but instead sought to "address work-related issues." (Doc. 10, Ex. 4, p. 7; Ex. 6, pp. 4–5). The Ohio Court of Appeals reviewed petitioner's assignment of error and determined that sufficient evidence was offered on petitioner's intent to sustain his kidnapping conviction:

> {¶15} Kidnapping in violation of R.C. 2905.01(A)(3), a second-degree felony, prohibits any person, by force, threat, or deception, from restraining the liberty of another for the purpose: [t]o terrorize, or to inflict serious physical harm on the victim or another." Pursuant to R.C. 2901.22(A), a person acts purposely when "it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature." Moreover, "terrorize," while not defined by the Ohio Revised Code, has been defined "according to its common usage, i.e., 'to fill with terror or

---

[8] To the extent that petitioner contends that the firearm was rendered inoperable by his ejecting a live shell out onto the ground, the undersigned finds his argument without merit. Under Ohio Rev. Code §2923.11(B), the definition of a firearm "includes an unloaded firearm, and any firearm that is inoperable but that can readily be rendered operable."

16

> anxiety.'" *State v. Chasteen*, 12th Dist. No. CA2007-12-308, 2009-Ohio-1163, ¶ 21, quoting *State v. Leasure*, 6th Dist. No. L-02-1207, 2003-Ohio-3987, ¶ 47.
>
> {¶16} At trial, Yeager testified that he immediately froze and became fearful when appellant entered his office with a rifle pointed at his head threatening to "blow [his] f***ing brains out." In addition, Crenshaw, who appellant also threatened to kill while pointing the rifle at him, testified that he feared for his life and that he was "the most terrified" when appellant showed signs that he was "fighting within himself" as to whether he should pull the trigger. The state also presented evidence that both men were shaken up when the police arrived and that Crenshaw appeared to be having a heart attack.
>
> {¶17} After a thorough review of the record, we find the jury did not clearly lose its way by finding appellant restrained both men in the office at gunpoint for the purpose to terrorize. As noted above, the state presented overwhelming evidence indicating appellant entered the office and threatened to kill both Yeager and Crenshaw as he pointed a rifle at them. While appellant may claim he merely wanted to "address work related issues," appellant had countless other options available to him that did not involve the use of a rife and repeated threats to kill both men. Therefore, because the evidence clearly indicates appellant acted with the purpose to fill both men with terror or anxiety by restraining them at gunpoint while making repeated threats to kill them, we simply cannot say the jury clearly lost its way so as to create a manifest miscarriage of justice requiring his kidnapping conviction be reversed.

(Doc. 10, Ex. 6, pp. 4–5). Because it is clear from the record that the Ohio Court of Appeals considered whether or not petitioner had the necessary intent to support his kidnapping charge, the Ohio Court of Appeals' reasonably found that petitioner was not prejudiced by appellate counsel's alleged failure to raise the claim.

Accordingly, petitioner has failed to demonstrate cause for his failure to raise the claims asserted in Grounds Two, Three, and Four on direct appeal. Having found that the ineffective assistance of appellate counsel does not constitute cause for his defaults and that petitioner has otherwise failed to demonstrate that failure to consider these claims would amount to a fundamental miscarriage of justice, the undersigned concludes that Grounds Two through Four of the petition are procedurally defaulted and waived.

### C. Allied Offenses of Similar Import Claim

Finally, the undersigned finds that petitioner's claim pertaining to Ohio Rev. Code § 2941.25 is without merit. Although petitioner did not assert this claim initially as a ground for relief in the petition, his attached memorandum and response to the motion to dismiss discuss the claim. Petitioner contends that the trial court improperly failed to merge his kidnapping and felonious assault convictions, as he claims they are allied offenses of similar import under § 2941.25. (Doc. 1, Memorandum p. 9).

In this case, the trial court did in fact find the offenses to be allied offenses of similar import and only sentenced petitioner on the kidnapping conviction. (Doc. 10, Ex. 1, p. 1). To the extent that petitioner bases his claim on the trial court's merging the felonious assault conviction into the kidnapping conviction, instead of the kidnapping conviction—which petitioner argues is the incidental crime—into the felonious assault conviction (*see* Doc. 1, Memorandum p. 9), his argument is without merit. The Ohio Supreme Court has specified that once it is determined that separate counts are allied offenses, a defendant may be sentenced on either count. *State v. Brown*, 895 N.E.2d 149, 156–57 (Ohio 2008) ("An accused may be tried for both [allied offenses of similar import] but may be convicted and sentenced for only one. The choice is given to the prosecution to pursue one offense or the other, and it is plainly the intent of the General Assembly that the election may be of either offense.") (quoting *Maumee v. Geiger*, 344 N.E.2d 133, 137 (Ohio 1976)). The Court therefore finds no merit to petitioner's allied offenses claim.

Accordingly, in sum, the undersigned finds that petitioner has procedurally defaulted and waived his claims for relief in Grounds One, Two, Three and Four of the petition. Having found that petitioner is likewise not entitled to habeas relief based on his additional claim that he was

18

improperly sentenced to allied offenses of similar import, respondent's motion to dismiss (Doc. 10) should be granted and petitioner's habeas petition (Doc. 1) dismissed with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 10) be **GRANTED**, and that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DISMISSED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which this Court has concluded are waived and thus procedurally barred from review, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling.[9]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis*, the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997).

Date: 2/9/15

Karen L. Litkovitz
United States Magistrate Judge

---

[9] Because this Court finds that the first prong of the *Slack* standard has not been met in this case, it need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his grounds for relief. *See Slack*, 529 U.S. at 484.

19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BRYANT,
    Petitioner,

vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:13-cv-803

Black, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).