# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

DERRICK BRYANT,
      Petitioner,

      vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
      Respondent.

Case No. 1:13-cv-803

Black, J.
Litkovitz, M.J.

**REPORT AND
RECOMMENDATION**

On March 30, 2015, the Court entered a final Order and Judgment adopting the undersigned's Report and Recommendation issued February 9, 2015 to deny the petitioner's *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 with prejudice on the ground that petitioner procedurally defaulted and waived his claims for relief. (*See* Docs. 18, 21, 22). On May 1, 2015, petitioner filed an appeal with the United States Court of Appeals for the Sixth Circuit. (Doc. 24). The Court of Appeals denied petitioner's motion for a certificate of appealability (Doc. 26) and his motion for rehearing on the denial of a certificate of appealability (Doc. 27). On December 17, 2015, petitioner filed a motion under Fed. R. Civ. P. 60(b)(6) seeking reconsideration of the Court's judgment finding Ground One of the petition, that the trial court erred by failing to instruct the jury on the defense of abandonment or renunciation, was procedurally defaulted. (Doc. 28). Petitioner then filed an amended Rule 60(b)(6) motion alleging a violation of double jeopardy based on his weapons convictions. (Doc. 29). This matter is now before the undersigned for a Report and Recommendation on petitioner's post-judgment motions filed pursuant to Fed. R. Civ. P. 60(b). (Docs. 28, 29).

**PROCEDURAL HISTORY**

A jury found Bryant guilty of kidnapping and felonious assault with firearm specifications and having weapons while under a disability. The trial court merged the kidnapping and felonious assault convictions and sentenced petitioner to ten years in prison. The Ohio Court of Appeals affirmed the trial court's judgment, and the Ohio Supreme Court declined to review the case. Thereafter, the Ohio courts denied petitioner's subsequent requests for relief.

Petitioner then filed a habeas corpus petition under 28 U.S.C. § 2254 in this federal court raising several grounds for relief. Ground One of the petition, which is at issue here, alleged that petitioner was denied the opportunity to present the jury with an instruction on the affirmative defense of abandonment or renunciation.[1] Petitioner first raised this claim in his motion to vacate and set aside the judgment and conviction as void in the Butler County Court of Common Pleas, which found the claim was barred under the doctrine of *res judicata*. (Doc. 10, Ex. 23, 24). *See also State v. Perry,* 226 N.E.2d 104, 105-06 (Ohio 1967) (syllabus); *State v. Combs,* 652 N.E.2d 205, 209 (Ohio App. 1st Dist. 1994) (holding that *res judicata* stops post-conviction relief for claims that could have been raised on direct appeal). Petitioner sought review of the decision in both the Ohio Court of Appeals and Ohio Supreme Court. (Doc. 10, Ex. 28, 34). The Ohio appeals court affirmed the denial of the motion to vacate, agreeing that the claim was barred on *res judicata* grounds, and the Ohio Supreme Court declined to accept jurisdiction of petitioner's appeal. (Doc. 10, Ex. 30, 32, 34). As a result of the state courts' refusal to consider petitioner's abandonment claim as barred by *res judicata*, this federal court determined that Ground One of the petition was procedurally defaulted. The Sixth Circuit Court of Appeals has consistently

---

[1] Under Ohio Rev. Code § 2923.02(D), "[i]t is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."

recognized that under Ohio law an issue that is not raised by a petitioner on direct appeal is subsequently barred from review based on the doctrine of *res judicata*. *See, e.g., Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998); *Rust v. Zent*, 17 F.3d 155, 160-61 (6th Cir. 1994). Where a state court judgment rests on a state law ground that is both "independent" of the merits of the federal claim and an "adequate" basis for the state court's decision, the federal habeas court may be barred from considering the issue of federal law under the procedural default doctrine. *See Harris v. Reed,* 489 U.S. 255, 260-62 (1989). The Sixth Circuit has long held that Ohio's doctrine of *res judicata* constitutes an adequate and independent state ground to bar federal habeas review. *See Coleman v. Mitchell*, 268 F.3d 417, 427-29 (6th Cir. 2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Norris*, 146 F.3d at 332. Because petitioner failed to demonstrate cause for the default of Ground One and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim would result in a fundamental miscarriage of justice, the Court determined that habeas corpus review of the underlying federal claim was barred.

Petitioner now seeks relief from judgment on his first claim for relief, which the Court determined was procedurally defaulted, and raises a new claim of a double jeopardy violation in his amended Rule 60(b) motion.

## II. PETITIONER'S RULE 60(B) MOTIONS

In his Rule 60(b)(6) motion for relief from judgment (Doc. 28), petitioner contends this Court erred in dismissing Ground One of the petition as procedurally defaulted. He argues that the Ohio Supreme Court did not rely on an "adequate and independent state ground" in dismissing his appeal and therefore the district court erred in finding Ground One to be procedurally

3

defaulted. Petitioner also contends that his trial counsel created a "miscarriage of justice" when he failed to present the defense of renunciation to the jury and to object to the trial court's jury instructions which omitted an instruction on renunciation. (Doc. 28 at 2). Petitioner contends this failure prejudiced his defense and deprived him of a fair trial.

In his amended motion for relief from judgment (Doc. 29), petitioner alleges a new claim for relief. He now alleges that his double jeopardy rights were violated when he received multiple sentences for the same offense. Petitioner alleges he was sentenced to three years imprisonment for a gun specification and two years imprisonment for having weapons under a disability. He contends that because the weapon was never fired, there is no distinct difference between the two charges and no separate animus to support separate charges. He contends that charging him with two charges for the same behavior violates the Double Jeopardy Clause of the Fifth Amendment to the Unites States Constitution. (Doc. 29 at 2).

The Sixth Circuit has stated that a Rule 60(b) motion "represents the sole authority, short of a successive application approved by this court, under which a district court may entertain a challenge to a prior denial of habeas relief." *Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010). A Rule 60(b) motion "continues to have limited viability in the habeas context" to the extent that the Court may consider a prior denial of habeas relief when the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error—for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar." *Id.* at 335-36 (quoting *Gonzalez v. Crosby,* 545 U.S. 524, 532 n.4 (2005)). However, a Rule 60(b) motion cannot be used to advance a substantive claim for federal habeas relief governed by requirements set forth in 28 U.S.C. § 2244(b) for successive petitions. "A motion under Rule 60(b) may be

4

treated as a second or successive habeas petition if necessary to enforce the requirements of the

AEDPA [Antiterrorism and Effective Death Penalty Act of 1996]." *Tyler v. Anderson*, 749 F.3d

499, 506 (6th Cir.), *cert. denied sub nom. Tyler v. Lazaroff*, 135 S. Ct. 370 (2014) (citing *Gonzalez*,

545 U.S. at 531-32). In such cases, the motion must be transferred to the Sixth Circuit Court of

Appeals where petitioner must seek permission to proceed under 28 U.S.C. § 2244(b) because "[a]

state prisoner may not file a second or successive habeas corpus petition until the court of appeals

issues an order authorizing the district court to consider the petition." *Tyler*, 749 F.3d at 506

(citing 28 U.S.C. § 2244(b)(3)(A)).

In determining whether a Rule 60(b) motion is a successive habeas petition, the Court must

examine "whether the Rule 60(b) motion contains a claim." *Id.* (quoting *Mitchell v. Rees*, 261 F.

App'x 825, 829 (6th Cir. 2008)):

> For purposes of § 2244(b), "an 'application' for habeas relief is a filing that
> contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. A motion contains a
> "claim," and is thus a successive habeas petition, if it asserts a "federal basis for
> relief from the state court's judgment of conviction," *id.*, by "seek[ing] to add a new
> ground for relief" or "attack[ing] the federal court's previous resolution of a claim
> on the merits," *id.* at 532. For present purposes, the term "on the merits" refers "to
> a determination that there exist or do not exist grounds entitling the petitioner to
> habeas corpus relief under 28 U.S.C. §§ 2254(a) and (d)." *Id.* at 532 n. 4. "A
> habeas petitioner's filing that seeks vindication of such a claim is, if not in
> substance a 'habeas corpus application,' at least similar enough that failing to
> subject it to the same requirements would be 'inconsistent with' the statute." *Id.* at
> 531 (citing 28 U.S.C. § 2244 Rule 11).
>
> By contrast, a [Rule 60(b)] motion does not attack a determination on the merits,
> and is thus not a successive habeas petition, when it "merely asserts that a previous
> ruling which precluded a merits determination was in error—for example, a denial
> for such reasons as failure to exhaust, procedural default, or statute-of-limitations
> bar." *Id.* at 532 n. 4. Further, a motion does not present a claim when it does not
> attack "the substance of the federal court's resolution of a claim on the merits, but
> some defect in the integrity of the federal habeas proceedings," *id.* at 532, such as
> fraud on the federal habeas court, *id.* at 532 n. 5. In short, a motion is not a
> successive habeas petition "if it does not assert, or reassert, claims of error in the

movant's state conviction." *Id.* at 538.

*Tyler*, 749 F.3d at 506-07.

As an initial matter, the Court must decide if petitioner's motions for relief from judgment

constitute second or successive habeas corpus petitions.   Petitioner's amended Rule 60(b) motion

(Doc. 29), which raises a double jeopardy claim, is a successive petition barred by the

AEDPA-amended provisions of 28 U.S.C. § 2244(b).   The amended motion adds a new

constitutional claim for relief from petitioner's state court conviction.   The amended motion

therefore presents a "claim" under controlling authority and constitutes a successive habeas

petition.   This District Court may not reach a determination of the motion on the merits without

precertification by the Court of Appeals.   Accordingly, the amended Rule 60(b) motion must be

transferred to the Sixth Circuit Court of Appeals for consideration under 28 U.S.C. § 2244(b).

In contrast, petitioner's original Rule 60(b)(6) motion (Doc. 28) is not a successive habeas

petition.   The motion challenges the District Court's denial of habeas relief based on a procedural

default ruling which precluded a merits determination of the constitutional claim raised in Ground

One of the petition.   Petitioner asserts this Court's previous ruling finding Ground One of the

petition to be procedurally defaulted is incorrect.   Petitioner does not assert a "claim" in the

motion because he does not challenge the Court's resolution of Ground One, his renunciation

claim, on the merits; rather, petitioner challenges a previous ruling of this Court that foreclosed a

merits determination of his substantive constitutional claim based on a procedural default.

*Gonzalez*, 545 U.S. at 532 n.4.   Therefore, the Court has authority to consider the Rule 60(b)(6)

motion.   *Tyler*, 749 F.3d at 507.

Fed. R. Civ. P. 60(b) provides in pertinent part that the federal district court may provide

relief from a final judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. Relief under Rule 60(b) is an "extraordinary remedy that is granted only in exceptional circumstances." *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (quoting *Dickerson v. Board of Educ. of Ford Heights, Illinois*, 32 F.3d 1114, 1116 (7th Cir. 1994)). The court's discretion to vacate a judgment pursuant to Rule 60(b) is "circumscribed by public policy favoring finality of judgments and termination of litigation." *Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007) (quoting *Blue Diamond Coal Co. v. Trustees of UMWA Combined Benefit Fund,* 249 F.3d 519, 524 (6th Cir. 2001)) (internal citation and quotation omitted). Petitioner brings this motion under the catch-all provision of Rule 60(b)(6).

Upon review of petitioner's motion in light of the entire record, including the prior Report and Recommendation adopted by the District Court, the undersigned concludes that petitioner has not met the standards set forth in Fed. R. Civ. P. 60(b)(6) for granting relief from final judgment. As best the Court can discern, petitioner alleges that the Ohio Supreme Court did not base its decision declining review on an adequate and independent state law ground as required for procedural default. He points to the Ohio Supreme Court's one sentence decision dismissing his Rule 26(B) application to reopen his direct appeal "as not involving any substantial constitutional

7

question" (Doc. 28 at 6; Doc. 10, Ex. 22) and contends there is no plain statement indicating the state supreme court rested its decision on a procedural bar. Petitioner contends that the Ohio Supreme Court's statement that it dismissed the appeal "as not involving any substantial constitutional question" is ambiguous and does not evince a plain statement that its decision is based upon an adequate and independent state procedural rule barring review of the federal claim. (Doc. 28 at 3, 6).

Petitioner's argument does not warrant relief from judgment. Contrary to petitioner's argument, the record shows petitioner did not raise his renunciation claim in his Rule 26(B) application to reopen his direct appeal in the Ohio Court of Appeals. (*See* Doc. 10, Ex. 14).[2] Therefore, the fact that he made arguments to the Ohio Supreme Court relating to trial counsel's failure to raise a renunciation defense and the trial court's failure to instruct the jury on such a defense (Doc. 10, Ex. 20 at 12) does not satisfy the "fair presentation" requirement for federal habeas review. Although petitioner contends he gave the state's highest court a fair opportunity to review his renunciation claim by raising it in his Rule 26(B) appeal to the Ohio Supreme Court, petitioner's failure to present his renunciation claim to the Ohio Court of Appeals in the first

---

[2] In his Rule 26(B) application to reopen his direct appeal to the Ohio Court of Appeals, petitioner argued that his appellate counsel was ineffective for failing raise the following four assignments of error on direct appeal:

1. Trial court erred to the Prejudice of Appellant in overruling his motion for acquittal and in entering a guilty verdict contrary The Appellant's right to due process under the fifth and fourteenth Amendment[s] to the United States Constitution and Section 10, article of the Ohio Constitution.

2. Due Process is Violate[d] on Appeal when Counsel Ineffectiveness For failure to address Trial Counsel['s] Ineffectiveness [for] Failure to timely move to suppress evidence.

3. Appellant's federal and state constitutional rights to due process and a fair trial were violated by prosecutorial misconduct.

4. Attorney failed to present mitigating circumstances as to the offense of kidnapping was clearly Ineffective Assistance of Counsel in Violation of the Sixth Amendment.

(Doc. 10, Ex. 14). None of these issues addresses petitioner's renunciation defense.

8

instance precluded review by the state supreme court. The Ohio Supreme Court lacks jurisdiction to consider an issue that is not raised in the court of appeals because the Ohio Constitution limits the Ohio Supreme Court's appellate jurisdiction to appeals from the Ohio Court of Appeals. *See* Ohio Const. art. IV, § 2(B)(2); *State v. Jones*, 211 N.E.2d 198, 199 (Ohio 1965). *See also Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir. 1982) (citing *State v. Phillips*, 272 N.E.2d 347, 352 (Ohio 1971)) ("The Ohio Supreme Court has stated that it will not consider constitutional claims not raised and preserved in the Ohio Court of Appeals."). Thus, the Ohio Supreme Court lacked jurisdiction to review any claims, including petitioner's renunciation claim, that petitioner did not also present to the Ohio Court of Appeals for consideration. *See Leroy*, 757 F.2d at 99; *Fornash,* 686 F.2d at 1185 n. 7. Petitioner is not entitled to relief from judgment on this basis.

Petitioner raised his renunciation claim for the first time in his post-conviction motion to vacate and set aside the judgment and conviction as void in the Butler County Court of Common Pleas. The trial court denied his motion under the doctrine of *res judicata*, finding that petitioner failed to raise the claim on direct appeal to the Ohio Court of Appeals. (Doc. 10, Ex. 23, 24). The Ohio Court of Appeals affirmed the lower court, finding the claim barred on *res judicata* grounds as his abandonment/renunciation claim could have been raised on direct appeal. (Doc. 10, Ex. 30, 32). The Ohio Supreme Court "decline[d] to accept jurisdiction of the appeal." (Doc. 10, Ex. 36). To the extent petitioner may be arguing that the Ohio Supreme Court did not clearly and expressly find it relied on a state procedural bar in declining his appeal, *see Harris*, 489 U.S. at 263, his argument does not justify relief from judgment in this case. In cases where the last state court to render a *reasoned* opinion on the claim explicitly relies on a procedural bar, the Court will presume that a later unexplained order did not silently disregard the procedural default

and consider the merits of the claim. *Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991) ("[W]here there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim [are presumed to] rest upon the same ground."). The "last reasoned opinion" on petitioner's abandonment/ renunciation claim is the decision of the state appellate court sitting in post-conviction review which clearly based its judgment on the procedural default. The Ohio Supreme Court's subsequent unexplained decision declining jurisdiction must be presumed to rely on the same procedural default. *See Ylst*, 501 U.S. at 803-04; *see also Haliym v. Mitchell*, 492 F.3d 680, 691 (6th Cir. 2007); *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991). As the Ohio Supreme Court is presumed to have relied on the procedural bar of *res judicata* in declining jurisdiction over petitioner's appeal, habeas review of petitioner's renunciation claim is procedurally defaulted and waived. And as explained in the previous Report and Recommendation, petitioner failed to show cause for the default and actual prejudice as a result of the alleged errors, or demonstrates that failure to consider the claims will result in a "fundamental miscarriage of justice." *See Coleman*, 501 U.S. at 750.[3] Therefore, the undersigned concludes that petitioner has defaulted and waived his claim and is not entitled to relief from judgment in this matter.

Accordingly, in sum, the undersigned stands by the Report and Recommendation adopted by the Court in the final Order and Judgment issued on March 30, 2015 and is not persuaded by

---

[3] Petitioner has not demonstrated that a fundamental miscarriage of justice will occur if his procedurally-defaulted claim for relief is not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). *See also Schlup v. Delo*, 513 U.S. 298, 327 (1995). To establish a credible claim of actual innocence sufficient to excuse his procedural defaults, petitioner must "support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as he has not supported his allegations of constitutional error with any new evidence of innocence.

petitioner's arguments that relief from final judgment under Fed. R. Civ. P. 60(b) is warranted in this case. It is, therefore, recommended that petitioner's Rule 60(b) motion for relief from judgment (Doc. 28) be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's Rule 60(b) motion for relief from final judgment (Doc. 28) be **DENIED.**

2. In this habeas case involving the recommended denial of a Rule 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a certificate of appealability should not issue because petitioner has not shown under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), that "jurists of reason" would find it debatable whether this Court is correct in its procedural ruling.[4] *Cf. Carroll v. Burt*, Civil No. 2:07-12679, 2013 WL 440167, at *2-3 (E.D. Mich. Feb. 5, 2013). *See also United States v. Hardin,* 481 F.3d 924, 926 (6th Cir. 2007) (holding that a habeas petitioner must obtain a certificate of appealability "as a prerequisite for [an] appeal of the denial of a Rule 60(b) motion").

3. With respect to petitioner's amended motion for relief from judgment (Doc. 29), this Court lacks jurisdiction in this matter involving a successive habeas petition within the meaning of 28 U.S.C. § 2244(b). Therefore, this motion should be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain the motion as a habeas corpus petition.

4. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting

---

[4]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his procedurally defaulted grounds for relief. *See Slack,* 529 U.S. at 484.

this Report and Recommendation would not be taken in "good faith," and, therefore, should

**DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity.  *See*

Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).


Date:  7/8/16                          Karen L. Litkovitz
                                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DERRICK BRYANT,                                           Case No. 1:13-cv-803
    Petitioner,                                           Black, J.
                                                          Litkovitz, M.J.
        vs.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,
    Respondent.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the

recommended disposition, a party may serve and file specific written objections to the proposed

findings and recommendations.    This period may be extended further by the Court on timely

motion for an extension.    Such objections shall specify the portions of the Report objected to and

shall be accompanied by a memorandum of law in support of the objections.    If the Report and

Recommendation is based in whole or in part upon matters occurring on the record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the

assigned District Judge otherwise directs.    A party may respond to another party's objections

**WITHIN 14 DAYS** after being served with a copy thereof.    Failure to make objections in

accordance with this procedure may forfeit rights on appeal.    *See Thomas v. Arn*, 474 U.S. 140

(1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).